# CHANCERY COURT

FOR THE

## SEVENTH CHANCERY DISTRICT

OF THE

## STATE OF TENNESSEE.

HART *vs.* SCRUGGS.

1872.

PRACTICE—CONTINUANCE, HOW OBTAINED.—A continuance will not be granted except upon affidavit showing good cause, and then only upon terms.

SAME, WAIVER OF AFFIDAVIT.—A waiver of affidavit by the other side would be considered by the court as a withdrawal of objection to the application.

WHEN this cause was regularly called for trial, the complainant's solicitor made an application for a continuance upon an oral statement. The Chancellor said that the defendant was entitled to demand a trial, and could not be deprived of this legal right except upon good cause shown by affidavit. Code, § 2941. The defendant objected to a continuance, but was willing to waive the affidavit, and allow the application to be disposed of upon the oral statement. The Chancellor said he would consider such a waiver as a withdrawal of all objections to the application. The court could not be required to weigh and scrutinize oral statements. The exercise of sound discretion was impossible, unless the facts were distinctly stated in writing. No continuance would be granted, after the case was legally ready for hearing, except upon terms. The right to impose terms was given by stat-

ute, Code, § 2942, and was, moreover, an incident to the exercise of judicial functions. *Berger* **v.** *Harrison*, 1 Tenn. 483 ; *Chancery Rules*, Rule VIII. subs. 2.